# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JUAN CARLOS PENA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>B. AVANT EDENFIELD, *et al* )<br>)<br>Defendants. ) | Case No. CV415-003 |

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JUAN CARLOS PENA ) | Case No. CR413-004 |

## REPORT AND RECOMMENDATION

Following his conviction and 240-month sentence for conspiracy to engage in sex trafficking, *United States v. Pena*, CR413-004, doc. 776, Juan Carlos Pena moves "to Dismiss Indictment Conviction and Sentence," doc. 862, declaring himself a "State Citizen with the State of Sovereingty [sic]," and faulting the federal government for failing to first petition "the Assistant State Attorney General of that State for

permission to place Said Suspect in Federal Custody. . . ." Doc. 862 at 2; *see also* doc. 861 (he asks the Court to consider doc. 862). Because the Government failed to do so, he concludes, his conviction should be vacated. Doc. 862 at 4.

Since Pena directly challenges his conviction, he in substance has filed a 28 U.S.C. § 2255 motion. The Government (doc. 863) thus correctly points out that he must be *Castro*-warned. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the defendant as to the consequences of that recharacterization).

The Court therefore warns Pena that it will recharacterize his motion to dismiss (doc. 862) as a § 2255 motion. If he chooses to proceed with it, he will lose his ability to file any *successive* petition on this same matter without first seeking permission to do so from the Eleventh Circuit. The Court therefore advises him that he may: (1) have his motion ruled upon as filed, but treated as a § 2255 motion; (2) amend it or replace it outright to include any other § 2255 claims; or (3) withdraw it entirely.

Pena has thirty days from the date this Order is served to decide what he wants to do. If in that time he fails to affirm, supplement, replace, or withdraw his "Motion To Dismiss," the Court will advise a without-prejudice dismissal for failure to obey a Court order. *Wanyoike v. United States*, 2014 WL 6680731 at * 2 (N.D. Tex. Nov. 24, 2014). Finally, if the Court reaches his 2255 motion on the merits, then any future § 2255 motion that he files will be subject to the restrictions imposed on second or successive motions. Hence, his motion must contain all of the grounds for relief that he believes he has available under § 2255. The government need not respond until the Court completes its preliminary review of this matter under Rule 4 of the Rules Governing § 2255 motions.

The Clerk is further **DIRECTED** to attach to Pena's service copy of this Order this Court's standard form 28 U.S.C. § 2255 motion. Defendant may use that form to set out, in one document, all of his claims for § 2255 relief, or he may simply rely on his original motion (which the Court has recharacterized as a motion seeking § 2255 relief). Again, Pena is cautioned that he should present *all* of his claims for §

2255 relief at this point, for second or successive § 2255 motions have little chance of success.

In a separate, civil case, Pena has filed an "Affidavit of Information In Support of a Criminal Complaint" against the judge who sentenced him in *United States v. Pena*, CR413-004. CV415-003, doc.1. He also adverts to suing others ("et al.") otherwise not specified. Since plaintiff moved for leave to proceed *in forma pauperis* (IFP) and the Court found him indigent, it granted him that status and he has now returned his IFP paperwork. Docs. 5, 10 & 11.

However, the right to proceed IFP is a privilege authorized by 28 U.S.C. § 1915, which authorizes this Court to dismiss a case *sua sponte* if, *inter alia*, it is frivolous or otherwise fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). That authority "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

4

Pena's civil case is subject to immediate dismissal because it is patently frivolous. He invokes *no* legal theory or statute, and relies on a facially absurd "Affidavit" in which he declares that the judge committed "treason" for denying him "multiple constitutional rights" while engaging in a "Criminal Conspiracy," etc. -- all without specifying any supporting facts. Doc. 1 at 3-4. On top of that he moves -- in this *civil* case -- to dismiss the above-noted criminal indictment against him (in CR413-004). CV415-003, doc. 9.

That facially frivolous motion (doc. 9) is **DENIED**, and his CV415-003 case should be **DISMISSED WITH PREJUDICE**. *See Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) ("The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").[1]

---

[1] *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke*, 490 U.S. at 328 (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist. . . ."); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir. 2011) (district court permitted to *sua sponte*

Meanwhile, Pena must pay his CV415-003 case's $350 filing fee. His furnished account information shows that he has had a $66.50 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $13.30 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff

---

dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior U.S. government officials caused the September 11, 2001 attacks); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (complaint may be dismissed even before service of process where its legal theories are indisputably meritless).

shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 6r day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA